UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN W. MANN, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:16-cv-01538-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| THE BANK OF NEW YORK MELLON CORP.; CHEC 2007-C; FIRST AMERICAN TRUSTEE SERVICING SOL.; NATIONSTAR MORTGAGE, LLC, | ) |
| Defendants. | ) |

Pending before the Court is a Petition to Remand to State Court, (ECF No. 8), filed by *pro se* Plaintiff John Mann ("Plaintiff").[1] Defendant Nationstar Mortgage, LLC ("Defendant") filed a Response, (ECF No. 14), and Plaintiff filed a Reply, (ECF No. 44).

Also pending before the Court is Plaintiff's Motion to Remand, (ECF No. 21). Defendant filed a Response, (ECF No. 29), and no reply was filed.[2] For the reasons discussed below, Plaintiff's Motions to Remand are GRANTED.

**I.      BACKGROUND**

Plaintiff originally filed his Complaint, (Compl., ECF No. 1-2), in the Eighth Judicial District Court alleging "a non-compliant power of sale/trustee sale due to non-compliance of Nevada Revised Statutes (§ 107.080, § 107.085, and § 107.086) (sic)." (Compl. 2:28–3:1). Plaintiff ineffectively served Defendant through "U.S. certified mail, rather than through a

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Because the Petition to Remand, (ECF No. 8), and the Motion to Remand, (ECF No. 21) (collectively the "Motions to Remand") are redundant, the Court considers the Motions to Remand together.

process server via [Defendant's] registered agent." (Pet. for Removal ¶ 2, ECF No. 1). On June 28, 2016, Defendant removed the action, citing the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 7). Specifically, Defendant states that Plaintiff is a citizen of Nevada, Defendant is a foreign entity, and the amount in controversy exceeds $75,000. (*Id.*). On July 19, 2016, Plaintiff filed the instant Petition to Remand, (ECF No. 8).

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). However, federal district courts cannot remand sua sponte for non-jurisdictional defects in procedure. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191–93 (9th Cir. 2003).

Under 28 U.S.C. § 1332, complete diversity of citizenship is required, and each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236

F.3d 1061, 1067 (9th Cir. 2001).  Additionally, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

## III. DISCUSSION

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the United States Supreme Court interpreted the thirty-day window outlined in 28 U.S.C. § 1446(b) to begin once the defendant is notified of the action and brought under a court's authority by formal process. *See Murphy Bros.*, 526 U.S. at 347–48.

Here, Defendant states that it was not properly served. (*See* Pet. for Removal ¶¶ 1, 2, 6 (stating that Plaintiff "ineffectively attempted to serve Defendant"); (*see also id.* at 2 n.2 ("Plaintiff's attempted service of his complaint and amended complaint via certified mail fails as a matter of law, and [Defendant] reserves all rights with respect to challenging the sufficiency of service of process in this matter.")).  Under the *Murphy Brothers* logic, the removal window has not begun until Plaintiff properly serves Defendant by formal process.  Accordingly, Defendant is not yet a party to this action, and Defendant has no standing to remove.  Moreover, as Defendant has the burden of disproving the strong presumption against removal jurisdiction, it bears the burden of showing that it was, indeed, served properly in this action.  Defendant has shown the contrary.  Therefore, because Defendant was improperly served, the Court must remand this action to state court.

///

///

///

///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Remand, (ECF Nos. 8, 21), are **GRANTED**.

**DATED** this __25__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge